IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02634-ZLW

TYRUS D. GREEN,

      Plaintiff,

v.

WILLIAM SCHROEDER,

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      This matter is before the Court on the *pro se* Letter Plaintiff Tyrus D. Green filed with the Court, on April 17, 2006. In the Letter, Plaintiff challenges the Court's March 29, 2006, dismissal of the instant action.

      Mr. Green is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is held at the United States Penitentiary in Coleman, Florida. On February 10, 2006, the Court granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 and directed him either to pay an initial partial filing fee of $30.00 or to show cause why he had no assets and no means by which to pay the designated initial partial filing fee within thirty days of the date of the February 10 Order. On March 29, 2006, well over thirty days from the February 10 Order, the Court dismissed the Complaint and action without prejudice, because Plaintiff had failed to communicate in any way

with the Court and as a result had failed to comply with the Court's February 10 Order in a timely manner.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The March 29, 2006, Order dismissed the Complaint and action for failure to pay an initial partial filing fee within the time required. The instant Letter was filed on April 17, 2006, more than ten days after the Court's March 29, 2006, Order and Judgment of Dismissal.

Although Mr. Green dated the Letter April 12, 2006, he has not met his burden to establish his entitlement to the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988), which would provide a basis for considering the Letter as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e). *See Price v. Philpot*, 420 F.3d 1158

2

(10th Cir. 2005).  Whether the Court construes the Letter as a Motion to Reconsider filed pursuant to Rule 59(e) or Rule 60(b) is of no consequence.  Under either rule the Motion will be denied.

Upon consideration of the entire file, the Court finds and concludes that Mr. Green fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the action.  Plaintiff claims that the Tenth Circuit, in *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003), found that it is improper for a district court to dismiss a complaint without the court taking steps to inquire into what efforts an inmate has made to comply with the court's order concerning the initial partial filing fee.  Plaintiff further asserts that the Court fails to appreciate that inmates are not permitted to have any financial accounts, and that it may take the BOP weeks or months to process a request for monies to be sent to the Court.  Plaintiff also claims that it is inconsiderate of the Court to dismiss the instant case in light of his claims and in disregard of the Tenth Circuit's precedent.

Plaintiff's reliance on *Cosby* is misplaced.  In *Cosby*, the dismissal of the plaintiff's case was with prejudice, because the plaintiff failed to continue to make monthly payments on his filing fee.  The dismissal in *Cosby* also was entered after the case had progressed from the initial review and had been assigned to a district judge for the purpose of deciding the merits of the case.  Here, the Complaint and action were dismissed without prejudice during the initial review of the Complaint and prior to assignment to a district judge for the purpose of review of the merits of the case.  The dismissal of the instant case without prejudice does not affect Plaintiff's ability to file a new case addressing the same claims that he raises in the instant action.

3

Although Plaintiff asserts, in the Motion, that it may take the BOP several weeks or months to process a request for an initial partial filing fee, Plaintiff does not assert in the Motion that he filed a request for monies to be withdrawn from his inmate account for payment of the initial partial filing fee prior to March 8, 2006, the date he was required to submit the initial partial filing fee, and that the request still is pending with the BOP.  Moreover, if Plaintiff is aware of the BOP's delay in processing a request for payment of monies to the courts he was remiss in not filing a request for an extension of time with the Court or informing the Court of the BOP's failure to promptly address his request.

This Court finds that a dismissal without prejudice is a proper remedy when a plaintiff fails to communicate with a court or comply with a court order within the time required.  Therefore, the Motion to Reconsider will be denied.  Accordingly, it is

ORDERED that the Letter filed with the Court on April 17, 2006, is construed as a Motion to Reconsider and is denied.

DATED at Denver, Colorado, this ___1___ day of _____May_____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  05-cv-02634-BNB

Tyrus D. Green
Reg. No. 31768-077
USP  – Coleman
PO Box 1033 - "M" Unit
Coleman, FL 33521-1033


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on_____*5.2.06*_____

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk